IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSIE LEE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-396-MHT-KFP |
| | ) |
| ALABAMA MENTAL HEALTH | ) |
| AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Rosie Lee Murphy was previously granted leave to proceed in forma pauperis (Doc. 11), which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review, the undersigned recommends that this case be dismissed, as set forth below.

Additionally pending before the Court are the following motions: Motion for Preliminary Injunction (Doc. 12); Motion for Preliminary Injunction (Doc. 13); Motion for Contempt of Court/Preliminary Injunction (Doc. 15); Motion to Submit Evidence (Doc. 16); Motion to Change Venue (Doc. 17); Motion to Consolidate Cases (Doc. 18); Motion to Consolidate Cases (Doc. 21).

For the reasons explained below, the Motion to Submit Evidence, Motion to Change Venue, and both Motions to Consolidate Cases are due to be denied, and the undersigned

recommends that all three Motions for Preliminary Injunction be denied, and the Complaint be dismissed.

## I. LEGAL STANDARD

The purpose of 28 U.S.C. § 1915 is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Under § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). An action is frivolous if it is "without arguable merit either in law or fact[,]" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001), if it "describe[es] fantastic or delusional scenarios," *id.*, or if it lacks subject matter jurisdiction, *Diamond v. Thomas*, 2020 WL 1496062, at *1 (S.D. Ala. Mar. 3, 2020) (citing *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238–39 (11th Cir. 2009)) ("A complaint is deemed "frivolous" under § 1915(e)(2) where there is no subject-matter jurisdiction."), *report and recommendation adopted*, 2020 WL 1494067 (S.D. Ala. Mar. 27, 2020). A dismissal pursuant to § 1915(e)(2) may be sua sponte by a court prior to the issuance of process. *Neitzke*, 490 U.S. at 327.

Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the leniency afforded pro se litigants does not allow the Court to "act as de facto

2

counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Pro se pleadings must still comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## II.    PLAINTIFF'S COMPLAINT

On May 23, 2025, Plaintiff filed a Complaint using a standard complaint and request for injunction form against 54 defendants. Those named as defendants include individuals; state and federal agencies; fraternities and sororities; local churches, business establishments, and restaurants; various law enforcement agencies and officials; a federal district court judge, various courts' staff members, and others. She claims federal question jurisdiction under 42 U.S.C. § 1983 because Defendants' actions on May 13 through May 17, 2024, and June 26, 2024, through May 22, 2025, violated her First, Eighth, and Fourteenth Amendment rights.

She alleges that she was "coerced to lay flat on [her] stomach for end [*sic*] extended amount of time without food, water, air, [or] movement." Doc. 1 at 6. She was further "prohibited from praying, showering, crossing [her] legs, sleep, talking, etc." *Id.* "These organizations DID attempt to cast spells on [her]." *Id.* She claims she has been receiving an enormous amount of retaliation from Defendants. *Id.*

Plaintiff attached a 12-page statement of facts to her complaint form. In this statement of facts, she claims that between March 2019 and May 23, 2023, she "DID report ALL criminal behavior, Retaliation, Rape, Murder, Attempt Murder etc. to ALL Police Officials." *Id.* at 13. She further claims various officials traded information she gave them

3

for power, and because she would not obey them, they are attempting to kill and rape her and make it look like an accident. The remainder of the pages detail the alleged retaliatory attempts and criminal conduct by Defendants.

In the complaint form, the irreparable injury she claims to have sustained is inconvenience, the loss of time, opportunity in life, enjoyment of life, and further claims that her future is lost. She also allegedly lost property, specifically documents and pictures. Plaintiff claims the emotional and psychological damage will take a lifetime to recover from; she will need therapy from "the past, current, and future," and "no amount of money help with this traumatizing issue [she] will have to deal with for the rest of [her] life." *Id.* at 6.

She requests relief through a Court award of five hundred million dollars, a permanent restraining order on all affiliated organizations, to be "relocated A.S.A.P. for [her] protection," an award for past and future medical expenses, an award for her pain and suffering, "for all Defendant to work factory jobs only, garnish all Defendants wages," and immediate medical attention outside the State of Alabama. *Id.*

III. **DISCUSSION**

   A. **Section 1915 Review**

As an initial matter, the Complaint should be dismissed for lack of subject matter jurisdiction. A federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "When a

4

plaintiff sues in federal court, she must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction." *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238 (11th Cir. 2009) (citing 28 U.S.C. §§ 1331, 1332).

Plaintiff's Complaint presents neither federal question nor diversity jurisdiction. Plaintiff makes no claims as to diversity of citizenship. Although Plaintiff claims jurisdiction under § 1983, she failed to state any nonfrivolous or substantial violation of her constitutional rights under § 1983, and therefore federal jurisdiction cannot be based on federal question jurisdiction. "[E]ven if a claim appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if '. . . such a claim is wholly insubstantial and frivolous.'" *McQueary*, 812 F. App'x at 913 (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). In other words, "subject matter jurisdiction is lacking [] if the claim has no plausible foundation[.]" *Id.* (quoting *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352). The test is whether "the alleged cause of action is so 'patently without merit' as to

5

justify the court's dismissal for lack of jurisdiction." *Id.* (quoting *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc)).

Here, the factual allegations pertaining to the § 1983 claim are conclusory; they provide no detail as to which of the 54 Defendants are state actors or how those state-actor Defendants violated her First, Eighth, and Fourteenth Amendment rights. *See* 42 U.S.C. § 1983; *Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) ("To establish a § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a "state actor" and (2) "deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992))). Because the § 1983 claim is comprised of only conclusory allegations and completely devoid of factual support, it is "wholly insubstantial" with "no plausible foundation." *See McQueary*, 812 F. App'x at 913 (first quoting *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352). Therefore, dismissal for lack of subject matter jurisdiction is appropriate.

Additionally, and in the alternative, upon its § 1915 review of the Complaint, the undersigned finds that it is frivolous and therefore merits dismissal. A complaint is frivolous when it is "without arguable merit either in law or fact[,]" or it "describe[es] fantastic or delusional scenarios[.]" *Driver*, 251 F.3d at 1349. In other words, frivolity exists when a plaintiff's "realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (quoting *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)).

6

Plaintiff's Complaint appears to be nothing more than paranoid hallucinations. Her Complaint cites no legal claims, and while she provides 12 pages of alleged retaliatory events, the Court finds that the alleged events—such as Alabama Mental Health Authority planting new memories in her mind and attempting to cast spells on her—are delusional. Doc. 1 at 21. Even if the alleged events did happen, such as an alleged collision with her truck, the allegations are conclusory and do not plausibly suggest that the events were intended as legally cognizable retaliation or assassination. There is nothing before the Court to show that Plaintiff's claims have a realistic chance of success. "Rather, the claims presented by Plaintiff are the types of claims which should be subject to dismissal because they rise to the level of the irrational and reflect the thoughts of a paranoid and/or delusional individual." *Barnes v. City of Dothan*, 2008 WL 5214506, at *2 (M.D. Ala. Dec. 11, 2008). Because the claims are frivolous, dismissal is warranted.[1]

Moreover, Plaintiff is, or should be, aware of how to draft a proper complaint. Prior to filing this Complaint, Plaintiff had been directed on the pleading requirements in her previous case before United States District Judge R. David Proctor.[2] On October 1, 2024, Judge Proctor detailed that her amended complaint must comply with Federal Rules of

---

[1] This Court takes judicial notice of its own records in other cases involving Plaintiff. *See* Fed. R. Evid. 201(b)(2); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). This is not the first case brought by Murphy that the undersigned has recommended dismissal based on frivolity. In *Murphy v. U.S. Dist. Ct. Clerk*, the undersigned determined that Plaintiff's claims amounted to nothing more than manufactured blame for the dismissal of her case before United States District Judge R. David Proctor. 2:25-cv-358-RAH-KFP (Doc. 11). In *Murphy v. Ala. Mental Health Auth.*, the undersigned determined that Plaintiff's claims amounted to nothing more than paranoid hallucinations stemming from the dismissal of her case before Judge Proctor. Case No. 2:25-cv-395-MHT-KFP (Doc. 12).

[2] *Murphy v. Gordon*, Case No. 2:24-cv-456-RDP-JHE.

Civil Procedure 8(a), 8(d)(1), 10(b), and 11(b). *Murphy v. Gordon*, Case No. 2:24-cv-456-RDP-JHE (Doc. 21). He further explained that the amended complaint must "set forth each claim [Plaintiff] is making against each Defendant separately, in a short, plain statement, containing allegations of fact and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim." *Id.* (Doc. 21 at 2). After Plaintiff filed her amended complaint, Judge Proctor explained why her amended complaint still did not comply with the Federal Rules of Civil Procedure and thus amounted to a shotgun pleading. *Id.* (Doc. 39).[3] Therefore, Plaintiff was well aware of how to file a proper complaint—one that complied with the Federal Rules of Civil Procedure—by the time she filed this Complaint on May 23, 2025.

Although courts normally provide at least one opportunity for a pro se party to amend a pleading before dismissal, *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (per curiam), a court may dismiss a complaint without affording the party an opportunity to amend if it finds that any amendment would be futile, *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]"). Because Plaintiff's Complaint lacks subject matter jurisdiction and fails to state any factual matter that would support a claim, and given Plaintiff's history of frivolous filings, the Court finds that any amendment would waste judicial resources and be completely futile.

---

[3] From October 7 through October 16, 2024, Plaintiff filed six motions to amend her complaint, all of which Judge Proctor ordered stricken for noncompliance and reiterated that Plaintiff must file one amended complaint in which she states all claims in one document. *Murphy v. Gordon*, Case No. 2:24-cv-456-RDP-JHE (Doc. 30).

## B. Motions for Preliminary Injunction

On June 2, June 6, and June 9 of 2025, Plaintiff filed a Motion for Preliminary Injunction in the instant case. Upon a review of each motion, the undersigned recommends that each be denied.

In her June 2 motion, Plaintiff requests protection from various organizations because they allegedly held her hostage for five days, gassed her inside her home, and falsified her medical records and police reports. Doc. 12 at 1. She then attached a statement of facts that is identical to the statement of facts attached to her Complaint.[4] In her June 6 motion, Plaintiff requests that the Court add various organizations to the preliminary injunction because she is in fear of her life. She claims that these organizations loosened the lug nuts on her tires and caused her vehicle to fall on her toes, thereby fracturing them. Doc. 13 at 1–2. She also claims that a Deputy United States Marshal and his spouse are stalking her, and that the organizations are trying to assassinate her. *Id.* at 2. In her third motion for preliminary injunction, filed on June 9, 2025, she asks the Court "for permission to leave this jurisdiction until a court date is appointed Due To The ON-GOING Retaliation." Doc. 15 at 1. She reiterates that someone caused her truck to fall on her toes and fracture them, and that someone loosened the lug nuts on her tires, which "could of killed [her]." *Id.* She also claims that someone took the screws off her brakes and that an individual purposefully caused a car accident in retaliation. *Id.*

---

[4] Plaintiff appears to have copied the statement of facts from her Complaint and crossed out the original case information stamped at the header of each page and the date of submission on the last page (page thirteen). The only difference between the two statements is the addition of the line, "As of June 2, 2025 these individuals and others ARE yet tampering with my vehicle" to the last page of the motion's statement.

9

A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur if the injunction is not granted; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion as to all prerequisites. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (stating that a preliminary injunction is issued only when "drastic relief" is necessary). "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits." *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

Here, Plaintiff's motions should be denied because they do not demonstrate her Complaint has a substantial likelihood of success on the merits. While the motions detail alleged assassination attempts and other alleged retaliatory conduct, there is no showing that her Complaint will likely succeed on the merits.[5] Even if Plaintiff had made arguments

---

[5] Plaintiff also did not discuss how the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties or how the injunction would not be adverse to the public interest. But because the first prerequisite so clearly fails, the Court does not address Plaintiff's failure to satisfy her burden concerning the other necessary prerequisites.

about the merits of her case, the Court determined above that the Complaint should be dismissed for lack of subject matter jurisdiction and under § 1915 for frivolity. Because Plaintiff failed to show one of the prerequisites necessary for granting a preliminary injunction, the undersigned recommends denying the Motions for Preliminary Injunction.

The Court notes that Plaintiff has filed seven motions for preliminary injunction across four of her five cases pending before the Court.[6] One was filed on June 2, 2025 (Doc. 12), one was filed on June 6, 2025 (Doc. 13), one was filed on June 9, 2025 (Doc. 15), three were filed on June 10, 2025,[7] and one was filed on June 11, 2025.[8] The three filed on June 10, 2025, contain duplicative pages, and two of the motions have a page that retained the case stamp at the top of the page from a previous case.[9] Such filing practice indicates that Plaintiff is filing copies of her motions in her cases without thought to the merit of the motions or relevance to the case.

### C. Motion to Submit Evidence

Plaintiff filed a Motion to Submit Evidence/Exhibits (Doc. 16), but the Court has not requested evidence, nor is the case in a posture that requires the submission of evidence.

---

[6] Plaintiff's other pending cases before this Court are: *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP; *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP; *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD; *Murphy v. Pepboys*, Case No. 2:25-cv-418-ECM-SMD.
[7] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 12); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 14); *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 10).
[8] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 13).
[9] *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 14 at 4); *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 12-1 at 1).

Additionally, the evidence submitted does not provide any necessary information, such as showing subject matter jurisdiction. Therefore, the motion is due to be denied.

### D. Motion for Change of Venue

Plaintiff filed a Motion for Change of Venue (Doc. 17) in which she claims a change of venue is appropriate under 28 U.S.C. § 1404. She provides five grounds in support of her motion: (1) Defendants are affiliated with, associates of, and co-workers of the Judges, Judge's assistants, United States Marshals, and District Attorney, among others; (2) there is high publicity around the case as retaliation against her and she is receiving an excessive amount of abuse; (3) there is prejudice because of her background; (4) the "magistrate clerks" are tampering and withholding evidence; (5) on-going retaliation and abuse, including an officer of Montgomery Police Department running her off the road on June 10, 2025. Doc. 17 at 1–2. She further claims a change of venue is necessary for her safety due to assassination attempts. *Id.* at 2. Notably absent from Plaintiff's motion is any mention to where she would like the case sent.

> A motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place. A plaintiff moving to transfer venue has already had an opportunity to choose the venue when filing the action. Therefore, a plaintiff moving to transfer must demonstrate, *inter alia*, that after the action was filed there was a change of circumstances that warrants transferring the action to the transferee forum.

*Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1214 (N.D. Fla. 2020) (quoting *Ferrostaal, Inc. v. Union Pac. R.R. Co.*, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000)).

Plaintiff has not provided any change of circumstance since filing her Complaint that warrants transferring the action. She was presumably aware of the alleged relationship

between Defendants and the Court when she brought suit; therefore, requesting a change of venue for that reason does not provide a change in circumstance meriting transferring. While she claims that the "[p]ublicity is at an all time high in retaliation against [her,]" that the magistrate judge clerks are "tampering and withholding evidence," and that she is being abused and targeted for assassination, there are no substantive facts before the Court of any of these allegations. Doc. 17 at 2. Additionally, given the frivolous nature of the Complaint and the lack of subject matter jurisdiction, dismissal of the case rather than transfer would be appropriate. Accordingly, the motion is due to be denied.

The Court notes that Plaintiff has filed seven motions to change venue across four of her five cases pending before the Court. Two motions were filed on June 2, 2025,[10] two were filed on June 6, 2025,[11] and three were filed on June 11, 2025—including the instant motion.[12] The three motions filed on June 11, including the instant motion, are identical to each other, and the other motions filed on the same day are extremely similar. The Court reiterates that such filing practice indicates that Plaintiff is filing copies of her motions in her cases without thought to the merit of the motions or relevance to the case.

### E. Motions to Consolidate

In the first Motion to Consolidate, Plaintiff asks the Court to "join/consolidate" the instant case and *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP

---

[10] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 7); *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 9).
[11] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 10); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 12).
[12] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 14); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 16).

13

under Rule 42(a) because the cases are "the same case and Defendants [and] there were clerical errors" Doc. 18. Plaintiff claims that consolidation will "rectify and simplify this issue and [] save the Courts money." *Id.* In the second Motion to Consolidate, Plaintiff asks the Court to consolidate "case numbers 2:25-cv-396, 2:25-cv-395, 2:25-cv-358, 2:25-cv-361, and 2:25-cv-418" under Rule 42(a) to "save the Court's time, money and to be able to centralize this proceedings." Doc. 21.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Consolidation does not mean that separate actions merge into one; rather, it "is permitted as a matter of convenience and economy in administration[.]" *Hall v. Hall*, 584 U.S. 59, 70 (2018) (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496–96 (1933)) (explaining that the term consolidation "presumably carried forward the same meaning [the Supreme Court] had ascribed to it under the consolidation statute for 125 years and had just recently reaffirmed in *Johnson*.").

While Plaintiff is correct that Defendants in the instant case and *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP, are identical, the Court does not find that consolidating Plaintiff's pending cases will result in heightened efficiency and convenience. Because consolidation does not result in a merger of cases, all of Plaintiff's pending cases require an independent § 1915 analysis. The undersigned has recommended dismissal in *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP and *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP, and as explained above, the undersigned has determined that the instant case also merits dismissal for lack of

subject matter jurisdiction and under § 1915 for frivolity. Therefore, the Court declines to exercise its discretion and the motion is due to be denied.

The Court notes that Plaintiff has filed seven motions to consolidate in all five of her cases pending before the Court. Two were filed on June 11, 2025—including one of the instant motions (Doc. 18),[13] and five were filed on June 20, 2025—including one of the instant motions (Doc. 21).[14] The two motions filed on June 11, 2025, are identical, and Plaintiff even provided both case numbers in the heading. The five motions filed on June 20, 2025—one in each case—are identical with the exception of the Defendants names and the case number. Like a broken record, the Court repeats that such filing practice indicates that Plaintiff is filing copies of her motions in her cases without thought to the merit of the motions or relevance to the case.

### F. Plaintiff's Conduct

Plaintiff filed in rapid succession five lawsuits in the Middle District of Alabama,[15] and three have been recommended for dismissal for lack of subject matter jurisdiction and frivolity. Plaintiff has a penchant for rapid-filing duplicative and frivolous motions, as detailed above, thereby placing a strain on the judicial system because each motion, even if duplicative, must be independently addressed. Additionally, no motion has yet been

---

[13] *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 11).
[14] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 18); *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 15); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 18); *Murphy v. Pepboys*, Case No. 2:25-cv-418-ECM-SMD (Doc. 9).
[15] On May 8, 2023, Plaintiff filed *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP. A day later she filed *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD. On May 23, 2025, Plaintiff filed both *Murphy v. Ala. Mental Health Auth.*, Case No. 2:25-cv-395-MHT-KFP and *Murphy v. Ala. Mental Health Auth.*, Case No. 2:25-cv-396-MHT-KFP. On June 6, 2025, Plaintiff filed *Murphy v. Pepboys*, Case No. 2:25-cv-418-ECM-SMD.

granted, highlighting the frivolous nature of Plaintiff's motions. Her filing practice indicates an utter disregard for the Court's time and resources.

The Court is aware that Plaintiff's frivolous filing is not her only abuse of the judicial system. Plaintiff often spends hours in the lobby of the courthouse, disrupting the clerks at the front desk and preventing attorneys from conducting business in their own cases. The following paragraph is a non-exhaustive account of Plaintiff's recent time in the courthouse.

On May 22, 2025, Plaintiff entered the lobby at 11:03 a.m. and did not leave until 2:09 p.m. She then returned the next day, on May 23, 2025; Plaintiff entered the lobby at 9:06 a.m., departed at 12:37 p.m., entered again at 1:44 p.m., and did not depart until 3:09 p.m. On June 2, 2025, when Plaintiff filed a motion for preliminary injunction[16] and two motions to change venue,[17] Plaintiff entered the lobby at 12:36 p.m., departed at 2:39 p.m., returned at 3:30 p.m., and departed again at 3:50 p.m. On June 10, 2025, the day Plaintiff filed three motions for preliminary injunction,[18] she entered the lobby at 11:22 a.m. and departed at 3:30 p.m. Plaintiff returned on June 11, 2025, entering at 9:55 a.m. and departing at 12:25 p.m., and within that timeframe she filed one motion for preliminary

---

[16] Doc. 12.
[17] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 7); *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 9).
[18] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 12); *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 10); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 14).

injunction,[19] three motions for change of venue,[20] and two motions to consolidate.[21] One June 20, when she filed five motions to consolidate, one in each of her cases, she entered at 12:05 p.m., departed at 3:15 p.m., returned at 3:40 p.m., and then left at 4:04 p.m.

On June 13, 2025, Plaintiff entered at 12:30 p.m. During her time in the lobby of the Clerk's Office, she accused the clerks at the front desk of stealing documents, obstructing justice, and tampering with evidence. While speaking with the clerks she became more agitated and began talking about her claims, including that the clerks have tortured her and done inhumane things to her. Because of her verbal accusations and disruption of the clerks, Plaintiff was asked to leave the courthouse and departed at 1:30 p.m.[22]

Plaintiff's conduct of frivolous filing and disruption in the Clerk's Office "threaten[s] the availability of a well-functioning judiciary to all litigants," *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). To counter this conduct, the Court is "authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.*

---

[19] *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 13).
[20] Doc. 17; *Murphy v. U.S. Dist. Ct. Clerk*, Case No. 2:25-cv-358-RAH-KFP (Doc. 14); *Murphy v. Sutherlin*, Case No. 2:25-cv-361-RAH-SMD (Doc. 16).
[21] Doc. 18; *Murphy v. Ala. Mental Health. Auth.*, Case No. 2:25-cv-395-MHT-KFP (Doc. 11).
[22] The Court notes that Plaintiff did leave quietly and respectfully when asked by the court security officer. However, the Court takes judicial notice of other recent matters of record unrelated to her federal court litigation or activities in the federal courthouse. On June 26, 2025, Plaintiff was arrested for harassment related to allegations that she verbally harassed a court security officer at the Montgomery County Courthouse in conjunction with her alleged efforts to surreptitiously bypass courthouse security measures. *Alabama v. Murphy*, Case No. 03-DC-2025-901028, (Docs. 3, 5–6).

**The Court advises Plaintiff that this is her official notice that, should her offensive conduct occur again, the Court will take the necessary steps to protect itself from abuse in the form of an injunction.**[23] The specific conduct that the Court considers offensive is: filing frivolous lawsuits, filing frivolous motions, filing duplicative motions with no relevance to the case, and causing disruption in the courthouse, for example, by disrupting Clerk's Office staff members or those seeking to do business in the courthouse. The nature of the injunction will be tailored to the nature of the offensive conduct. *See Miller*, 541 F.3d at 1097 ("[T]he preconditions ought to be 'limited to restricting improper conduct of the type which the present record indicates plaintiff has displayed in the past.'" (quoting *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 36 (1st Cir.1993))). The Court notes that "[d]esigning an acceptable procedural device to screen out frivolous IFP filings requires some degree of nuance, and for that reason '[c]onsiderable discretion necessarily is reposed in the district court.'" *Id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)). Should Plaintiff engage in any of the listed offensive conduct, the Court will enter an appropriate injunction tailored to prevent future abuse while still ensuring that "access to the courts is not entirely foreclosed." *In re May*, 2000 WL 1276943, at *2 (S.D. Fla. Aug. 31, 2000). For example, if Plaintiff files a frivolous lawsuit, the Court may impose a financial injunction, such as a bond. The Eleventh Circuit has stated that "[r]eimposing

---

[23] The Court also notes that on May 20, 2025, Judge Proctor entered an Order enjoining Plaintiff from future litigation unless she pays the filing fee. *Murphy v. Gordon*, Case No. 2:24-cv-456-RDP-JHE (Doc. 64) ("If Plaintiff seeks to assert wholly new claims against new defendants, *i.e.*, ones that have not already been dismissed with prejudice, she SHALL do so in a separate case, after paying the required filing fee."). A three-day interim between the entering of that order and the filing of this Complaint is not sufficient time for Plaintiff to be considered aware of the injunction. However, the necessity of the injunction further indicates a pattern of disruptive or disobedient behavior.

financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their 'constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Miller*, 541 F.3d at 1096 (quoting *Procup*, 792 F.2d at 1073). **Thus, Plaintiff is warned that should she engage in any of the listed offensive conduct, the Court will design an appropriate injunction to protect itself from further abuse.**

IV. **CONCLUSION**

For the above reasons, the undersigned RECOMMENDS that this case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1). The undersigned also RECOMMENDS that Plaintiff's Motions for Preliminary Injunction (Docs. 12, 13, 15) be DENIED.

Further, it is ORDERED as follows:

1. Plaintiff's Motion to Change Venue (Doc. 17) is DENIED;

2. Plaintiff's Motion to Submit Evidence (Doc. 16) is DENIED;

3. Plaintiff's Motions to Consolidate (Docs. 18, 21) are DENIED;

4. By **July 11, 2025**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

The Clerk of Court is DIRECTED to share this order with the District Judges of the Middle District of Alabama.

Done this 27th day of June, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE