IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **ROSIE LEE MURPHY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:25cv396-MHT |
| | ) | (WO) |
| **ALABAMA MENTAL HEALTH** | ) | |
| **AUTHORITY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiff, who is pro se, filed this lawsuit asserting a wide range of claims against over 50 disparate defendants, including individuals, government agencies, churches, and fraternities, stemming from her belief that the defendants attempted to cast spells on her and have harmed her or are seeking to harm her. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed before service of process under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1) and that plaintiff's motions for preliminary injunction

be denied.  Also before the court are plaintiff's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the objections should be overruled and the magistrate judge's recommendation should be adopted.

The court notes that, in the time since she filed her objection to the recommendation, plaintiff has filed a motion to amend her complaint.  While leave to amend should be "freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  Amendment would be futile "when the complaint as amended is still subject to dismissal." *Id*. at 1263 (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999).  Because the complaint would still be subject to dismissal even with the proposed

2

amendment, the court will deny the motion to amend as futile.

Plaintiff has also filed several motions to supplement the complaint. The court will deny these motions because the claims asserted, like those in her original complaint, would not survive review under 28 U.S.C. § 1915(e)(2)(B).

Finally, plaintiff has filed a motion to add 14 new defendants as parties. Because plaintiff has failed to offer any reasoning in support of her motion to add the new parties, and because her complaint would still be subject to dismissal with the addition of the proposed defendants, the motion will be denied.

An appropriate judgment will be entered.

DONE, this the 15th day of July, 2025.

                          /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**